

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO.2:13 CR 00057-006 |
| VS. | : | JUDGE MINALDI |
| DENNIS LEE WIER | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is an objection by the defendant, Dennis Lee Wier, to the Presentence Report ("PSR") prepared by the Probation Department. Wier objects to the criminal history points added in ¶ 37 of the PSR. He argues that even though there was a conviction, he received no sentence to time, therefore he should not be assigned a point for this offense.

Pursuant to § 4A1.1 U.S.S.G., the total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A:

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

**(c) Add 1 point for each prior sentence not counted in (a) or (b),** up to a total of 4 points for this subsection.

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was counted as a single sentence, up to a total of 3 points for this subsection.

(Effective November 1, 1987; amended effective November 1, 1989; November 1, 1991; October 27, 2003; November 1, 2007; November 1, 2010; November 1, 2013.)

A "prior sentence" is defined as "any sentence previously imposed ... for conduct not part of the instant offense." *Id.* at § 4A1.2(a)(1); *United States v. Gomez-Torres,* 464 Fed. App'x. 405, 407, 2012 WL 952375, 1 5th Cir. 2012). Wier does not deny that he pleaded *nolo contendre* to the offense in ¶37 of the PSR. He was sentenced to pay a fine and court costs. The criminal history point was properly assigned. This objection is overruled.

In his second objection, Wier argues that his restitution, if any, should not exceed the amount he profited and should not include the sum received by others. Specifically, he requests that the amount of restitution be reduced by $1,858.59, as this check was not cashed.

This objection does not impact the sentencing guidelines, but it does affect the amount of restitution owed. The defendant's assertion that the check in question was not cashed is in error. There are two offense reports indicating that this check was, in fact, cashed. Additionally, this is a conspiracy, therefore the defendant is liable for amounts received by the other co-conspirators. This objection is also overruled.

Lake Charles, Louisiana, this 15 day of January, 2014.

*[signature]*

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE